UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

November 10, 2025

VIA ECF
All Counsel of Record

VIA CERTIFIED MAIL & EMAIL
Catherine Wakefield, pro se
159 Madison Avenue, No. 2D
New York, New York, 10016
Wakdivo@gmail.com

## LETTER ORDER

Re: Catherine Wakefield v. Superior Court of New Jersey, Morris County
Civil Action No. 25-14600

Dear Litigants:

Before the Court is Plaintiff Catherine Wakefield's Complaint, ECF No. 1, Plaintiff's Motion for a Temporary Restraining Order ("TRO"), ECF No. 4, and Plaintiff's related subsequent filings, ECF Nos. 5, 6, 9, 10, 11, 13, 14, 15, 16, 17, 18, & 19. For the reasons discussed below, this matter is **ADMINISTRATIVELY TERMINATED**.

Plaintiff filed this action against the Superior Court of New Jersey, Morris Vicinage[1] alleging violations of her Fourteenth Amendment rights and the protections established in the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. See Compl. at 1. Plaintiff principally complains about her treatment during a New Jersey Superior Court proceeding in which she filed for divorce against her long-time husband in 2019. Id. She alleges that she began experiencing "increasingly hostile and discriminatory legal process" beginning in April 2019 that "deprived her of constitutional protections, denied her meaningful accommodations for a severe vision disability, and blocked access to. . . marital assets." Id.

---

[1] While not named in the caption of this case, Defendant asserts in the body of her pleading that "Defendants include the Superior Court of New Jersey, Morris County Family Part, and various state actors who, through acts or omissions, failed to provide Plaintiff with equal access to the judicial process. Plaintiff also names the New Jersey Judiciary as a whole due to systemic exclusion of her filings from the official case record and manipulation of official submissions." Compl. at 4.

While difficult to discern from the face of the pleading, it appears Plaintiff sets forth three distinct types of complaints. First, Plaintiff alleges that the Superior Court made certain errors during the adjudication of her divorce proceeding that caused her prejudice in obtaining a fair and just outcome. See generally id. For example, Plaintiff alleges that "a critical court order dated July 26, 2021" was discovered to have been removed from the official record of her case and was not subsequently enforced. Id. at 2. Apparently, that order would have "prevent[ed] irreparable harm" had it been considered. Id. This is just one example of an alleged "sustained pattern of exclusion, denial, and procedural manipulation" by the Superior Court to Plaintiff's detriment. Id.

Second, Plaintiff appears to allege that Defendants have violated Title II of the ADA based on her vision impairment. Id. at 3. Specifically, Plaintiff alleges that she has difficulty seeing due to her fourth nerve palsy diagnosis, among other things. Id. at 8. Plaintiff alleges that she notified the Superior Court of her need for accommodations, but the court failed to provide reasonable accommodations. Id. at 3. For example, she alleges that she was required to proceed with trial even though she told the judge that she could not see his face in June of this year. Id.

Third, Plaintiff generally alleges a 42 U.S.C § 1983 claim for violation of her due process and equal protection rights under the Fourteenth Amendment. Id. at 4–7. She alleges that these constitutional rights have been violated by Defendants failure to reasonably accommodate her disability and by the many alleged errors the Superior Court made in her divorce matter. Id.

Plaintiff seeks a host of relief including a TRO and preliminary injunction staying the conclusion of Plaintiff's divorce trial, an order transferring her divorce case to a different venue or under "federal supervision," an order compelling certain action be taken in her divorce case, a declaration that her rights under the Constitution and ADA have been violated, and an order granting meaningful ADA accommodations. Id. at 10–12.

As a threshold concern, Plaintiff's Complaint violates Federal Rule of Civil Procedure 11(a), which requires that pleadings be "signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Plaintiff placed an electronic signature on her Complaint. See Compl. at 13. Non-attorneys are not permitted to use electronic signatures. See L. Civ. R. 5.2. Thus, this matter is administratively terminated pending Plaintiff's submission of an Amended Complaint that contains a traditional, wet-ink signature. See Glasser v. Shimonis-Kaminski, No. 18-17623, 2019 WL 1429957, at *1 (D.N.J. Mar. 29, 2019) (administratively terminating a matter because pro se plaintiff used an electronic signature on his Complaint).

Accordingly, should Plaintiff choose to file an Amended Complaint, she is ordered to serve Defendants with a copy of her amended pleading and a copy of this Order. Defendants shall file papers with this Court addressing the application of sovereign immunity within twenty-one (21) days of service. Plaintiff is directed not to file any further papers with this Court until after Defendants respond to the Amended Complaint and this Court is satisfied that the doctrine of sovereign immunity does not bar this action, which they have a right to raise forthwith.[2] See

---

[2] Eleventh Amendment sovereign immunity extends to agencies, departments and officials of the state when the state

Fidanzato v. Somerset, Hunterdon, & Warren Ctys. Vicinage 13, No. 11-5132, 2012 WL 4508008, at *6 (D.N.J. Sept. 28, 2012).[3]

For these reasons, this matter is **ADMINISTRATIVELY TERMINATED** pending Plaintiff's submission of an Amended Complaint that contains a traditional, wet-ink signature. Should Plaintiff choose to file an amended pleading with an appropriate signature, she is ordered to serve Defendants with a copy of her Amended Complaint and a copy of this order. Plaintiff is not permitted to file any documents other than an Amended Complaint until Defendants appear in this matter and address the issue of sovereign immunity as discussed above. All pending motions are terminated. The Clerk of Court shall serve a copy of this Order upon Plaintiff via certified and electronic mail.

The Court acknowledges Plaintiff's claims of visual impairment. Should Plaintiff require assistance with accessibility accommodations, she may contact Court Services at 973-645-4621, email accessibility@njd.uscourts.gov, or visit the District of New Jersey's Courthouse Accessibility webpage at https://www.njd.uscourts.gov/courthouse-accessibility.

                                              **SO ORDERED**.

                                              *s/ Madeline Cox Arleo*
                                              **MADELINE COX ARLEO**
                                              **UNITED STATES DISTRICT JUDGE**

---

is the real, substantial party in interest. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984). Sovereign immunity applies even if the state is not a named party to the action, "as long as the state is the real party in interest." Carter v. City of Philadelphia, 181 F.3d 339, 347 (3d Cir. 1999) (quoting Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)).

[3] Defendants may also address any other defenses permitted by Federal Rule of Civil Procedure 12.