# SUPPLEMENTAL NOTICE AND RENEWED REQUEST FOR RULING

*(Filed Electronically and by Mail – Federal District Court of New Jersey, Newark Division)*

**Catherine Wakefield**
159 Madison Avenue, Apt 2D
New York, NY 10016
Tel 646-583-5409   Email wakdivo@gmail.com

**Date:** October 23, 2025

**Honorable Madeline Cox Arleo**
U.S. District Court, District of New Jersey (Newark Division)
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re:** *Catherine Wakefield v. Superior Court of New Jersey, et al.*
**Civil Action No. 2:25-CV-14600-MCA-SDE**

**Supplemental Notice/Renewed Request for Ruling on Pending Motion for Injunctive Relief**

Dear Judge Cox Arleo:

I respectfully renew my request for a ruling on my **Motion for Injunctive Relief filed August 12, 2025**, which was submitted as **emergent** and has never been denied as non-emergent. That motion sought federal intervention to **enforce existing state-court orders** that had been ignored for years.

Since filing, I was **forced to file Chapter 13 bankruptcy** and also file NTSC (Federal Court ordered TRO). On **October 21 2025**, the **Superior Court of New Jersey** nevertheless entered a final divorce judgment **and a new support order, effectively cutting my support in half again permanently,** within hours of the Bankruptcy Court's decision lifting the stay—despite this Court's pending motion.

The **Superior Court's judgment** effectively punished me for seeking lawful bankruptcy protection, just as it did after **December 7, 2021**, lawfully seeking that the 7/26/21 order be enforced. My support had been cut in half by the **May 12, 2022 sua sponte order**[1], and then again on **October 21, 2025**, the Court required me to pay full health-insurance premiums and other expenses—leaving me without the means to meet basic needs, preserve the bankruptcy estate, or retain counsel for appeal. I

---

[1] The May 12, 2022 sua sponte Order reduced my support for the third time, retroactively. It was heard unopposed and without oral arguments because Chambers chose not acknowledge 7 written correspondences and three voice messages from Plaintiff's counsel. The Defendant had filed and certified a false CIS. The perception is that this too may have punitive. The false CIS was the impetus for many of orders addressing discovery, forensic accounting and taxes which need to be enforced. Every Judge has acknowledged FILED TAX RETURNS are necessary. October 21, 2025 this was taken away from me, as was any hope of retaining counsel without The Federal Court of New Jersey's intervention.

The Court's actions: **proceed to final judgment** without enforcing existing discovery and forensic-accounting orders or requiring production of the defendant's IRS-filed tax returns….may leave a perception of a judicial choice to protect the Court's "errors and omissions" instead of the integrity of the record, Constitutional rights or the rights of the disabled litigant before it… My husband, the **CEO of BrokerTec**, a publicly traded international firm, earns millions annually, yet more than **$6 million in retirement funds** have been dissipated since 2018[2]. I have less than nothing. Please see attached income chart for financial context of the effect of the Court's judicial choices.

What has occurred is not ordinary procedural irregularities. I am not a litigant merely dissatisfied with an outcome. This case identifies a pattern of **fundamental constitutional, due-process, and ADA failures**. I have never sought punishment or blame—only to have my case heard impartially and lawfully outside the State of New Jersey. Continued inaction deepens the harm and leaves these violations. I motioned twice for ex parte service because I feared retaliation, but the harm now occurring is worse than what I sought to prevent. Only this Court retains authority to prevent further injustice.

The state record **acknowledges** that my husband, **Jonathan B. Wakefield**, is not acting pro se and continues to fund multiple attorneys and accounting firms with marital assets **while denying me the constitutional right to representation**. Requiring me to serve the **Superior Court of New Jersey**, would further punish me for exercising my constitutional rights.

Accordingly, I respectfully ask this Court to:

1. **Acknowledge the emergent status** of my pending August 12 2025 motion;

2. **Direct the Clerk to place the matter before chambers for decision or hearing** without further delay; and

3. **Permit clarifying submissions without formal service** until jurisdiction and procedure are resolved.

I submit this respectfully and to preserve my rights under **28 U.S.C. §§ 1331, 1343, 1651** and **Fed. R. Civ. P. 65(b)**. Continued inaction will result in further irreparable harm and the loss of federal oversight intended to protect both the debtor and her creditors. I certify all of my statements are true and factual, under penalty of the law.

Respectfully submitted,

**Catherine Wakefield**
Pro Se Plaintiff

---

[2] Orders to protect the marital assets seem too late to enforce, *but* orders for an accounting of where these assets are today, and to enforce served subpoenas, discovery and forensic accounting are NOT too late. Court transcript very strongly imply this was the perception and intent of Judge Bogaard, however none of this intent came to fruition.

2

## Addendum – Supporting Context and Exhibits

Because my **vision disability continues to worsen**, I am unable to re-type or re-compose every document necessary to explain the current emergency. I therefore attach portions of prior filings, letters, and exhibits so that Your Honor Court can see the full factual context. I apologize in advance for any duplicity. I cannot communicate effectively solely in writing

I respectfully ask that the Court review the attached materials to understand the basis of my request. On **October 21, 2025**, the **Superior Court of New Jersey** issued a judgment that effectively reduced my available income to an amount far below subsistence by assigning me obligations that were previously the defendant's responsibility. Although the nominal support figure may appear substantial, more than half of it is consumed by fixed expenses. I do not actually control those funds, all of this should be contained in the case jacket and influencing the Court.

My **Chapter 13 filing** was not to evade creditors. I motioned for injunctive relief one month prior. **All creditors would be paid** and if that court-ordered arrears and essential services could be maintained. I filed only after being I unable to pay a $2,100 arrears balance for utilities, and Superior Court chose to deny instead of addressing the defendant's court ordered obligation since 3/6/20. The Superior Court forced me to file Bankruptcy, and then file an NTSC to acknowledge and force a stay. The Court chose to further reduce support which was a fraction of what it should have been just using the income documents actually submitted by the Defendant. Please note, concerns about the accuracy of the case jacket are founded, but I did not rely on the court record. I attached JEDS filings, Court Orders, Certification and inter-counsel Correspondence.

I attach the following for context:

1. Defendant **Jonathan B. Wakefield's 2016 W-2 and E-TRADE statements** showing taxable income of **$965,497.11**;

2. Defendant's **2023 W-2** reflecting continued high compensation;

3. The **IRS tax account transcript for 2020** showing taxable income of **$1,135,942**; and

4. An **updated income-comparison chart** estimating compensation ranges for the CEO of BrokerTec (a CME Group subsidiary) and corresponding potential support calculations at different income levels.

5. Spousal support estimates as determined by legal professionals

These attachments demonstrate that the October 21, 2025 order could not have been based on accurate or complete financial information. I provide them only to clarify the record, not to create allegations, and to support the motion for injunctive relief already before the Court.

3

On **August 12 2025**, I filed a **Motion for Injunctive Relief** in the U.S. District Court for the District of New Jersey (Newark Division). That motion, submitted **without service**, concerns ongoing **due-process and ADA-access violations** in the state proceedings.

Plaintiff was forced to file both Bankruptcy, Chapter 13 and an emergent motion when the Superior Court refused to acknowledge stay. The Federal Bankruptcy Court, immediately granted a TRO. However, On October 21, 2025— within four hours of husband's request, the Superior Court issued an order which left the marital estate at $0 and **effectively cut Plaintiff's support in half**, a result that is collectively perceived as both punitive and retaliatory for the following reasons:

The husband, Jonathan B. Wakefield, is not acting *pro se*, a fact acknowledged by the Superior Court. The 9/3/25 reply cert contained actual checks number, dates and amounts. The Court would NOT have been able to continue to deny Plaintiff representation

$0 of marital estate, ensures Plaintiff will be unable to mitigate vision disability by retaining counsel. Motions for *permission* to access marital (all motions) were systematically denied, without oral arguments.

Ending divorce without even tax returns for the last decade,$0 assets (2 homes were sold, $6 million dissipated and ordering plaintiff to pay for health insurance, et al... with no adjustment, effectively cutting her support in half all disrespects dozens of creditors. My perception of the support adjustment is that the Court knows what my Support would be if I was not denied counsel, ADA accommodations, due process, access and the Court's enforcement of its own orders:

The following support estimates include opinions of attorneys:

| Source / Year | Annual Income (USD) | Monthly Gross (USD) | Illustrative Support (20%) | Illustrative Support (30%) |
|---|---|---|---|---|
| W-2 (Defendant/Counsel-Produced) – 2016 | $965,000 | $80,000 | $16,000 | $24,000 |
| IRS Tax Transcript – 2020 | $1,135,000 | $95,000 | $19,000 | $29,000 |
| BrokerTec CEO (Estimate – 2024, Low) | $3,000,000 | $250,000 | $50,000 | $75,000 |
| BrokerTec CEO (Estimate – 2024, Mid) | $10,000,000 | $833,000 | $167,000 | $250,000 |
| BrokerTec CEO (Estimate – 2024, High) | $15,000,000 | $1,250,000 | $250,000 | $375,000 |
| BrokerTec CEO – 2023 W-2 (Solely Base-Salary Compensation)* | $510,666 | $42,556 | $8,500 | $12,800 |

\* *The defendant's 2023 W-2 reflects **only base-salary and cash compensation**, which historically represents **a small fraction of his total income**. The majority of his compensation is non-W-2— comprising equity awards, deferred-compensation distributions, stock options, and capital-gains income—all excluded from these figures but documented in CME Group's publicly reported executive-compensation benchmarks.*

4

Even using only the defendant's own limited disclosures, the resulting support range of approximately **$10,000–$15,000 per month** underscores how disproportionate and unsustainable the current $5,600 order is.

Jonathan Bishop Wakefield now serves as **Chief Executive Officer of BrokerTec**, a subsidiary of **CME Group Inc.** Publicly available benchmarks for executives in similar roles show total compensation well into the millions. The table below summarizes these ranges.

**Estimated Compensation of BrokerTec / Exchange Executives**

| Position / Benchmark Source | Estimated Annual Total Compensation (USD) | Approx. Monthly Equivalent | Notes |
|---|---|---|---|
| CME Group CEO (Terry A. Duffy, 2024 proxy)** | ≈ $23.9 million | ≈ $2.0 million | Public SEC filing; majority equity and bonus based |
| TP ICAP Group CEO (2024)** | ≈ $6–7 million | ≈ $500–600 thousand | Comparable international brokerage/exchange firm |
| **Estimated Range for BrokerTec CEO (Mr. Wakefield)** | $3 – 15 million (+ potential > $20 million) | ≈ $250 thousand – $1.25 million (+ up to $2 million) | Based on subsidiary leadership within CME Group |

The Defendant was an executive for several years at CME Group, ICAP, before he was promoted to CEO of Brokertec. He earned $1million is last full year at NASDAQ. This disparity demonstrates how the recent order was not an exercise of equitable discretion but a punitive response to my bankruptcy filing.

I provide this context only so Your Honor has an accurate picture of the sequence of events that forced me to seek federal protection. **The $500,000 owed to creditors may be insignificant to a CEO earning millions, but to me — and to those creditors — it is everything.**

I have followed every instruction this Court has given and continue to act *pro se* only because I have no other choice. Without recognition of this harm and the District of New Jersey Court addressing on an emergent basis, I may not survive to see any meaningful review or justice.

Thank you for your time and for any consideration you may extend.

Respectfully submitted,
**Catherine Wakefield**

Separate PDF includes:

-2016 W2 and 1099 from eTrade
-2023 W2
-2020 IRS Tax Account Transcript, prepared 12/2023
-2021 CIS certified and filed by Defendant
-2024, April 1 Defendant's JEDS filings with his attorney's letterhead (post 9/8/22 certification of acting pro se)
-2023 Morgan Stanley check payments to Defendant's attorney (post 9/8/22 certification of acting pro se)
-2025, October 21 Court Order

Re: Catherine Wakefield v. Superior Court of New Jersey, et al.
Civil Action No. 2:25-CV-14600-MCA-SDE

Addendum – Supporting Context and Exhibits

Because my vision disability continues to worsen, I am unable to re-type or re-compose every document necessary to explain the current emergency. I therefore attach portions of prior filings, letters, and exhibits so that Your Honor Court can see the full factual context. I apologize in advance for any duplicity as well as handwritten or typed notes. I cannot communicate effectively solely in writing

Documents included below:

-2016 W2 and 1099 from eTrade
-2023 W2
-2020 IRS Tax Account Transcript, prepared 12/2023
-2021 CIS certified and filed by Defendant
-2024, April 1 Defendant's JEDS filings with his attorney's letterhead (post 9/8/22 certification of acting pro se)
-2023 Morgan Stanley check payments to Defendant's attorney (post 9/8/22 certification of acting pro se)
2025, October 21 Court Order

Re: Catherine Wakefield v. Superior Court of New Jersey, et al.
Civil Action No. 2:25-CV-14600-MCA-SDE

Jonathan Bishop Wakefield's taxable income for 2016, as provided by his Counsel, $876,103.72 + $65,228.57 (exercised/sold eTrade) $965,497.11. As Defendant had already provided to prior counsels this forms, as well as tax return drafts prepared by two separate accounting firms, there is NO REASON to not produce actual filed tax returns, unless his true income was far greater (ie income, dividends, deferred income which has not yet been produced.)

[W-2 and Earnings Summary forms for Jonathan Wakefield, 2016, NASDAQ INC, One Liberty Plaza, New York NY 10006-1404]

Key figures visible:
- Gross Pay: 876,103.71
- Federal Income Tax Withheld (Box 2): 192,722.70
- Social Security Wages (Box 3): 118,500.00
- Social Security Tax Withheld (Box 4): 7,347.00
- Medicare Wages (Box 5): 779,376.04
- Medicare Tax Withheld (Box 6): 16,515.33
- Wages, tips, other comp (Box 1): 763,591.38
- NY State Income Tax: 66,268.42
- SUI/SDI: 31.20
- State income tax: 67,000.74
- Employer FED ID: 52-1165937
- Employee SSN: 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
- Dependent care benefits: 5,000.06
- 12a C: 2,345.98
- 12b D: 15,784.66
- 12c DD: 26,772.84
- 14 Other: 31.20 SDI
- Verification Code: 4505-9B2A-2A6E-0E68
- Control number: 023168 CLI2/N7C 031016 A 793
- Batch #02477

JONATHAN WAKEFIELD
38 RED ROAD
CHATHAM NJ 07928

Social Security Number: 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
Taxable Marital Status: SINGLE
Exemptions/Allowances:
FEDERAL: 3
STATE: 0

E*TRADE SECURITIES LLC
PO BOX 484
JERSEY CITY, NJ 07303-0484

Account No: 35436485
Account Name: JONATHAN WAKEFIELD
Taxpayer Identification Number: ***-**-5061

Account Executive No: ET1

ORIGINAL: 12/31/2016

RECIPIENT'S Name, Street Address, City, State, and Zip Code
JONATHAN WAKEFIELD
159 MADISON AVENUE
APT 2D
NEW YORK, NY 10016-5434

Copy B for recipient    ☐ 2nd TIN Notice

Payer's Federal Identification Number: 35-2167612
Payer's Name, Street, City, State, Zip Code:
E*TRADE SECURITIES LLC
PO BOX 484
JERSEY CITY, NJ 07303-0484
Telephone Number: (800) 387-2331

## 2016 FORM 1099-B: PROCEEDS FROM BROKER AND BARTER EXCHANGE TRANSACTIONS

OMB No. 1545-0715

The information provided below is in accordance with Federal tax regulations and the IRS instructions that govern our reporting requirements. You should review this information carefully when completing your Form 8949 and Schedule D. There may be instances where our reporting requirements will not be consistent with your particular tax accounting position or elections. For these reasons, the IRS requires us to provide you with this reminder: **Taxpayers are ultimately responsible for the accuracy of their tax returns.**

**Noncovered Short-Term Gains or Losses**
Report on **Form 8949, Part I** with **Box B** checked
Box 5: Box Checked (Noncovered Security)   Box 3: Basis Not Reported to the IRS   Box 2: Type of Gain or Loss – Short-Term

The 1099-B data referenced by a Box Number is reported to the IRS. The additional information not referenced by a Box Number is not reported to the IRS, but may be helpful to complete your return.

| Description CUSIP (Box 1a) | Quantity Sold | Date Acquired | Date Sold or Disposed (Box 1c) | Proceeds/ Reported to IRS (Box 1d) | Cost or Other Basis | Accrued Market Discount | Wash Sale Loss Disallowed | Gain/Loss Amount | Additional Information |
|---|---|---|---|---|---|---|---|---|---|
| NASDAQ INC COM CUSIP: 631103108 | 1,000.00000 | 04/01/2016 | 06/13/2016 | $65,228.57 | $0.00 | $0.00 | $0.00 | $65,228.57 | Box 6: Gross Proceeds |
| 1 ITEMS – TOTAL | | | | $65,228.57 | $0.00 | $0.00 | $0.00 | $65,228.57 | |

**FOOT NOTES**
**SHORT SALE** – Short sales covered in December that settle in January will be reported on your Form 1099-B in the year they are settled.
** IRS Instructions require Unknown Term transactions to be assigned Code X for reporting on Form 8949. Please refer to your Tax Advisor for further advice.

THIS IS YOUR FORM 1099 (COPY B FOR RECIPIENT) – PLEASE RETAIN FOR TAX PREPARATION PURPOSES
The above is important tax information and is being furnished to the Internal Revenue Service (except as indicated). If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the income is taxable and the IRS determines that it has not been reported.

Page 5 of 11

2016 income minimal $965,497.11

$876,103.72 + $65,228.57 (exercised/sold eTrade) $965,497.11. As Defendant had already provided to prior counsels this forms, as well as tax return drafts prepared by two separate accounting firms, there is NO REASON to not produce actual filed tax returns, unless his true income was far greater (ie income, dividends, deferred income which has not yet been produced.)

Jonathan Bishop Wakefield W2 earnings in **2023** $451,149

IRS Court Transcripts for **2020** Taxable income

```
TAXABLE INCOME:
1,135,942.00
```

Defendant's CIS for **2020** JB certifies on his income as $129,371.00



# Internal Revenue Service
United States Department of the Treasury

| This Product Contains Sensitive Taxpayer Data |
|---|

# Account Transcript

|  |  |
|---|---|
| Request Date: | 12-05-2023 |
| Response Date: | 12-05-2023 |
| Tracking Number: | 105261709310 |

FORM NUMBER:              1040A
TAX PERIOD:               Dec. 31, 2020

TAXPAYER IDENTIFICATION NUMBER:   XXX-XX-5061

JONA B WAKE

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| ACCOUNT BALANCE: | 171,718.63 | |
|---|---|---|
| ACCRUED INTEREST: | 6,723.49 | AS OF: Dec. 18, 2023 |
| ACCRUED PENALTY: | 4,035.47 | AS OF: Dec. 18, 2023 |

ACCOUNT BALANCE PLUS ACCRUALS
(this is not a payoff amount):     182,477.59

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

| EXEMPTIONS: | 01 |
|---|---|
| FILING STATUS: | Single |
| ADJUSTED GROSS INCOME: | 1,170,013.00 |
| TAXABLE INCOME: | 1,135,942.00 |
| TAX PER RETURN: | 0.00 |
| SE TAXABLE INCOME TAXPAYER: | 0.00 |
| SE TAXABLE INCOME SPOUSE: | 0.00 |
| TOTAL SELF EMPLOYMENT TAX: | 0.00 |

| RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) | Aug. 10, 2022 |
|---|---|
| PROCESSING DATE | Aug. 29, 2022 |

| TRANSACTIONS |
|---|

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Substitute tax return prepared by IRS | | 08-29-2022 | $0.00 |
| n/a | 49210-888-00000-2 | | | |
| 971 | Withholding allowances limited - letter sent to employer | | 10-22-2020 | $0.00 |
| 570 | Additional account action pending | | 08-29-2022 | $0.00 |
| 420 | Examination of tax return | | 08-12-2022 | $0.00 |
| 976 | Duplicate return filed | | 03-06-2023 | $0.00 |



NOTE: Plaintiff's support was reduced to $5600 on May 12, 2022 (sua sponte order, unopposed and without oral arguments. The statement of reasons relies on this CIS. 2020 earned income $129,371. The support reduction was retroactive to February 2022. December 7, 2021 changed everything.

The multiple (unenforced) orders to compel discovery, forensic accounting and tax returns considered this false certification.

**Bremer Buckner letterhead was deleted from the first page, shown on page two. The defendant**

April 1, 2024

VIA JED & LAWYERS

Assigned Judge of the Superior Court
Morris County Courthouse
Washington & Courts Street
Morristown, New Jersey

RE: Catherine Wakefield
Docket No. FM-1
BB File No. 0066

Dear Judge:

Please accept this letter brief
rules and guidelines regarding
New York.

**THE DEFE**
**AS**

In this case, the Court sh
that, unless the Court does

…the cour
injunction
must demo
the underl
equities or
outweighs
its entitlen
equitable r
necessary
DeGioia, 9

Page two includes the firm's letterhead. Also, it was filed without even the Defendant's signature. I was forced to act pro se on this date. I include this page because the date if relevant. The Appellate Court is not an option. There is no possibility for an appeal. I need injunctive relief. I want nothing other than the injunctive relief of removing my case from New Jersey, enforcing existing orders and the bare minimum to end this case equitably and expeditiously in mediation. Legal fees were motioned to be bifurcated in 2021. Mediation removes concern about the Defendant's non-official counsel.

The Superior Court has far more evidence, certification and exhibits proving the Defendant falsely certified pro se status on September 8, 2021 than what is attached here. Note: The day before, September 7, 2022, a CMC took place. It was the single CMC I was neither informed of nor order to appear. There is NO audio transcript for this single CMC. Please request this yourself.

October 21, 2025 ensured I would have NO assets, support that would ensure destitution, Chapter 7 filing, and no hope for retaining counsel or reaching an upper court.

In this case, clearly Defendant can demonstrate by clear and convincing evidence that an injunction is necessary to prevent "imminent and irreparable harm." Irreparable injury is defined as an injury "that is material for which pecuniary damages would not afford adequate compensation." Bd. Of Ed. Of Union Beach v. N.J. Ed. Ass'n, et al., 96 N.J. Super. 371, 391 (Ch. Div. 1967).

Unless the Court gives the Defendant the ability to effect the sale of the New York apartment the sale cannot be completed. The sale of the apartment has been an issue for years but recent changes to the family's financial condition make taking advantage of the spring selling market necessary. Thus, the issue requires an immediate

Filed August 12, 2025 —
Pro se with a vision
disability. After I filed
Chapter 13 (9/12/25) The Superior
Court's Oct 21, 2025 left me
without the means to survive.
I need this Court's protection
now.           Cathrin Wahlberg

Catherine Wakefield
159 Madison Ave 2D
NY NY 10016



Civil No: 2:25-CV-146**-MCA-SDE

Hon. Judge Madeleno Cox Arleo
US District Court, Newark Division
Martin Lether King Building & US Courthouse
50 Walnut St
Newark NJ 07102